NO. 07-10-0257-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JUNE 1, 2011

_____

OLIVIA REYES TIENDA, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-422,182; HONORABLE CECIL G. PURYEAR, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Following a jury trial, Appellant, Olivia Reyes Tienda, was convicted of credit card abuse,[1] a state jail felony, and sentenced to two years confinement. In a single issue, Appellant asserts the trial court erred in admitting her written statement to law

_____

[1]S*ee* Tex. Penal Code Ann. § 32.31 (West 2003).

enforcement into evidence at trial without redacting two statements pursuant to Rule 403 of the Texas Rules of Evidence.[2]  We affirm.

## Background

In January 2009, a Lubbock County Grand Jury returned an indictment alleging that, on or about November 20, 2008, Appellant presented an American Express credit card to David Miller,[3] with intent to fraudulently obtain a benefit, knowing that the credit card had not been issued to her, and with knowledge that the card was being used without the effective consent of the cardholder, Martha Van Zandt.

In a two day trial, the jury heard evidence from two Target employees, Van Zandt, and three police officers.  The evidence showed that, on November 20, 2008, Appellant attempted to purchase more than $3,600 worth of electronic goods at Target using an American Express credit card issued to Van Zandt.  When the card was declined, the cashier sought assistance from Jason Vasquez, a Target supervisor. Vasquez continued to swipe the card and it continued to be declined.  As he was doing so, persons accompanying Appellant took two carts loaded with electronic goods to

---

[2]In this proceeding, the State did not file a brief nor request additional time to do so.  Accordingly, we have conducted an independent analysis of the merits of Appellant's claim of error, limited to the arguments raised at trial by the State, to determine if there was error.  *See Little v. State*, 246 S.W.3d 391, 397-98 (Tex.App.--Amarillo 2008, no pet.).  The decision to independently review the merits of Appellant's issue should not be construed as approval of the State's failure to file a brief.  *See* Tex. Code Crim. Proc. Ann. art. 2.01 (West 2005) ("Each district attorney shall represent the State in all criminal cases in the district courts of his district and appeals therefrom . . . .)

[3]Miller testified that he was the asset protection manager at a Target store where the events the subject of this case occurred.

their car to load. Vasquez informed Appellant the goods would have to be returned and he then asked Miller to assist him.

Miller proceeded to the front of the store and observed two cars pull up to the store's entrance. The occupants got out of the cars and began unloading the merchandise into carts. Miller took the merchandise into the store and later determined that electronic goods worth approximately $390 were missing. The entire transaction was videotaped and Appellant was identified by several witnesses as the person attempting to use the American Express credit card.

In November 2008, Van Zandt, age seventy-seven, had recently undergone hip surgery. She sought a housekeeper and found Appellant through the newspaper. Thereafter, Appellant cleaned her house three or four times. When a Target representative called asking whether she had given permission to anyone to use her American Express credit card, she told them, "No." She testified that Appellant was the only one, other than her husband, to have access to her bedroom where she kept the credit card in her dresser drawer.

During the testimony of Detective Tammie McDonald, over Appellant's objection, the State introduced Appellant's written statement given on December 10, 2008. Specifically, Appellant sought to redact two statements: "I know with my background I may not have a leg to stand on, but I am innocent," and "People have not judged me for my background." Her attorney argued that the word "background" injected "some possibility of bad conduct or misconduct or an implication of something," and sought

3

redaction under Rules 404(b), 402 and 401 of the Texas Rules of Evidence. The trial court overruled Appellant's objection and admitted the entire statement.

Thereafter, the jury convicted Appellant and the trial court sentenced her to two years confinement. This appeal followed.

## Discussion

Appellant asserts the trial court erred because it failed to redact portions of her written statement to law enforcement because the statements "injected some possibility of bad conduct or misconduct or an implication of something." Further, Appellant contends the statements were irrelevant and any probative value was substantially outweighed by the danger of unfair prejudice and confusion of the issues.[4]

To obtain reversal of a conviction based on an alleged error in the admission of evidence, an appellant must show that the trial court's ruling was in error and that the error harmed the appellant, i.e., that it affected his or her substantial rights. *See* Tex. R. App. P. 44.2(b); *Ladd v. State*, 3 S.W.3d 547, 568 (Tex.Crim.App. 1999), *cert. denied*, 529 U.S. 1070, 120 S.Ct. 1680, 146 L.Ed.2d 487 (2000). In assessing harm, an appellate court considers everything in the record, including testimonial and physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, and the character of the alleged error and how it might be considered in connection with other evidence in the case. *Motilla v. State*, 78 S.W.3d 352, 355

---

[4]Although Appellant's objection at trial was limited to relevancy under Rules 401 and 402 and character evidence generally under Rule 404, in the interest of justice, we will consider Appellant's argument that, although the evidence may have been relevant, its probative value was substantially outweighed by the danger of unfair prejudice under Rule 403. *See* Tex. R. Evid. 401, 402, 403, 404.

(Tex.Crim.App. 2002) (citing *Morales v. State*, 32 S.W.3d 862, 867 (Tex.Crim.App. 2000)).

Having reviewed the entire record and summarized the evidence at trial above, we are confident that even if the trial court's admission of the statements was error, the admission of that evidence did not have a substantial or injurious influence on the jury's decision to convict her of credit card abuse. *See* Tex. R. App. P. 44.2(b); *Solomon v. State*, 49 S.W.3d 356, 365 (Tex.Crim.App. 2001) ("We have determined that substantial rights are not affected by the erroneous admission of evidence if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence the jury, or had but a slight effect.") *See also King v. State*, 953 S.W.2d 266, 271 (Tex.Crim.App. 1997) (disregarding the erroneous admission of evidence if that evidence did not have a substantial or injurious influence on the jury's decision). Accordingly, Appellant's single issue is overruled.

## Conclusion

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.